UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MICAH DION GASAWAY**                                                                          **PETITIONER**

**v.**                                                  **CIVIL ACTION NO. 3:09CV-P510-H**

**UNITED STATES OF AMERICA**                                             **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Micah Dion Gasaway, a federal prisoner, initiated this action by filing a document styled "Request for Leave to Petition for Writ of Habeas Corpus; Presenting Defense of Factual Innocence 28 United States Code Section 2241 et seq." In the body of the initiating document, Gasaway requests to proceed under 28 U.S.C. § "2241/55." He claims actual and factual innocence and seeks reversal of his conviction.

Because Gasaway seeks to challenge the validity of his sentence, his action is more appropriately characterized as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence. . . ."). The Court, however, will not recharacterize the petition but will dismiss it without prejudice because Gasaway's criminal conviction and sentence is pending on direct appeal with the Sixth Circuit Court of Appeals. *See* Appeal No. 09-5340.

In *Capaldi v. Pontesso*, 135 F.3d 1122 (6th Cir. 1998), the Sixth Circuit held that "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Id.* at 1124. "An application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct appeal. Moreover, determination of the direct appeal may render collateral attack by

way of a § 2255 application unnecessary." *Id.*; *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency of direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances") (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968)). "Whether extraordinary circumstances exist is a question the answer to which depends upon the balancing of the need for speedy relief against the need for conservation of judicial resources." *United States v. Davis*, 604 F.2d 474, 485 (7th Cir. 1979).

Gasaway fails to argue extraordinary circumstances warranting this Court's consideration of a § 2255 motion during the pendency of the direct appeal of his criminal conviction and sentence. Consequently, the Court will dismiss the action without prejudice.

Before Gasaway may appeal this Court's decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

As the Court is satisfied that no jurists of reason would find its conclusion debatable, a certificate of appealability will be denied.

The Court will enter an Order in conformity herewith.

Date:




cc:     Petitioner, *pro se*
        Counsel of Record
4412.005